1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALYSTA SHARP, et al.,                    No.  2:17-cv-491-TLN-EFB PS

12                    Plaintiffs,

13       v.                                     ORDER

14   THE UNITED STATES,

15                    Defendant.

16

17       Plaintiff Calysta Sharp seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

18   1915.[1]  Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF

19   No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

20       Determining that plaintiff may proceed *in forma pauperis* does not complete the required

21   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

22   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

23   which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

24   below, plaintiff's complaint fails to state a claim and must be dismissed.

25   /////

26   /////

27

28

---

[1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12          Under this standard, the court must accept as true the allegations of the complaint in

13   question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the

14   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

15   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading

16   requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a

17   complaint to include "a short and plain statement of the claim showing that the pleader is entitled

18   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

19   which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20          Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

21   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,

22   511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

23   confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction

24   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

25   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

26   authorized by a federal statute that both regulates a specific subject matter and confers federal

27   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

28   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

2  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

3  of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

4  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

5  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6         As a threshold matter, plaintiff Calysta Sharp appears to bring this suit on her behalf and

7  on behalf of her two minor children.  ECF No. 1 at 1; ECF No. 2 at 5.  There is no indication from

8  the record that Ms. Sharp is an attorney.  While Ms. Sharp may represent herself in this action,

9  she is not permitted to bring an action on behalf of the minor children without first retaining an

10  attorney.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) (a non-lawyer

11  has no authority to appear as an attorney for another, and general power of attorney does not give

12  non-lawyer right to assert the personal constitutional claims of another).

13         More significantly, review of the complaint indicates that it must be dismissed for failure

14  to state a claim.  The complaint identifies the Unites States as the sole defendant and alleges that

15  the federal jurisdiction is present pursuant to "USSCODE 896, et al."  The complaint also states

16  that this case concerns "Family/Community Reinstatement" and "Reinstatement [of] Parental

17  Rights."  *Id*. at 3-4.  Plaintiff, however, left blank the sections of the form complaint reserved for

18  the statement of claim and relief sought.  Consequently, the complaint does not contain any facts

19  supporting a cognizable claim.[2]

20         Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

21  notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

22  *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

23  particularity overt acts which defendant engaged in that support plaintiff's claim.  *Id*.  As plaintiff

24  complaint is devoid of any factual allegations, it must be dismiss for failure to state a claim.

25  /////

26         [2] Because plaintiff does not allege any facts nor identify any specific claim, she fails to

27  identify any reason why her action against the United States is not barred by sovereign immunity.
*See Lehman v. Nakshian,* 453 U.S. 156, 160 (1981) (as a sovereign, the United States is immune

28  from suit except according to its consent to be sued).

1    Accordingly, the complaint must be dismissed.  Plaintiff, however, is granted leave to file

2    an amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

3    (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

4    their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

5    shall clearly identify the claims asserted as to each defendant and set forth the factual allegations

6    against that defendant(s) which give rise to a cause.  It shall specify a basis for this court's subject

7    matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered

8    paragraphs, each limited as far as practicable to a single set of circumstances," as required by

9    Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line

10   numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and

11   130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and

12   against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must

13   plead clear facts that support each claim under each header.

14       Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

15   make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

16   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

17   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

18   plaintiff files an amended complaint, the original no longer serves any function in the case.

19   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

20   alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

21   1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*

22   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to

23   comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

24   may result in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.

25       Accordingly, IT IS ORDERED that:

26       1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

27       2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

28   /////

4

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: January 9, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE